## THE NORTH RIVER INSURANCE COMPANY *vs.* I. M. D. LAWRENCE.

An insurance company, authorized to take and hold securities *bona fide* pledged to them to secure the payment of debts contracted with them, cannot loan money on the hypothecation of stock and the taking of a note as collateral security for the payment of the loan, when by the act of their incorporation, they are prohibited from *discounting* notes.

Where a power to loan money in a particular mode is given to a corporation, all other modes are necessarily excluded and all securities other than those allowed to be taken by the act of incorporation are void.

THIS was an action of assumpsit, tried at New-York circuit in February, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration contained a count on a promissory note given by the defendant to the plaintiffs, bearing date the 14th December, 1825, for $3899, payable on demand, with interest, a count on an *insimul computassent*, and the common money counts. The defendant pleaded the general issue. The plaintiffs made a loan to the defendant of the sum of $3899, and received from him the note declared on and an hypothecation of stock, viz. 10 shares of the stock of the Franklin bank, and 80 shares of the stock of the Life and Fire Insurance Company. The secretary of the Company

proved that all loans made by them were made on stock hy-
pothecated, and promissory notes taken from the borrowers
as collateral security ; that the interest demanded was seven
per cent. payable semi-annually, on the first days of March
and September, when the company made their dividends ;
and that interest was never required to be paid in advance.

The plaintiffs were incorporated by an act of the legisla-
ture on the 6th February, 1822, as a fire insurance compa-
ny, and also to insure vessels navigating the North (or Hud-
son) River and the lakes.   In the act of incorporation is con-
tained a *proviso,* " that it shall not be lawful for the said cor-
poration to deal, or use or employ any part of the stock, funds
or monies thereof, in buying or selling any goods, wares or
merchandize, in the way of traffic ; or in the purchasing or
discounting of any bill, bond, note (or) obligation whatever;
or in any other banking operations, or the purchase or sale
of any stock or funded debt created or to be created under any
law of the United States, or of any particular state ; but it
shall nevertheless be lawful for the said corporation to pur-
chase and hold any such stock or funded debt for the pur-
pose of investing therein any part of their capital stock, funds
or monies ; and also to sell and transfer the same when it
shall be necessary for the payment of any losses they may
have sustained, and again to renew such investments when
and as often as the exigencies or a due regard to the interests
of the said corporation shall require ; and also to *make loans
of the capital stock, funds or monies on bonds and mortgages,*
and the same to call in and re-loan, as occasion may render
expedient."

A verdict was taken for the plaintiffs for the sum claimed
to be due on the loan made by them, subject to the opinion of
this court.

*C. Graham,* for plaintiffs.   The proviso in the act of in-
corporation prohibits the plaintiffs from *discounting* any note,
&c.   The note in this case was not *discounted.*   Discount is
the payment of interest in advance.   (19 Johns. R. 1.)   The
note was payable on *demand;* it could not therefore be dis-

counted; there could be no interest in advance. Besides, it was positively shewn that interest was not taken in advance.

The loan was made on the *hypothecation* of stock, the note being taken only as collateral security, and as evidence of the amount loaned. By the *fourth* section of the act of incorporation, the company are authorized to take and hold *securities bona fide* pledged to them, to secure the payment of any debt which may be contracted with them.

*W. Slosson,* for defendant. The plaintiffs have no right to make loans either on notes or hypothecation of stock; they can make loans only on bonds and mortgages. A corporation has only such powers as are granted to it, or as are necessarily incident to the grant. (15 Johns. R. 358. 19 id. 1. 2 Cowen, 664. id. 678. 1 Wendell, 56.

The very section under which the right is claimed forbids the purchasing and discounting of notes. If the business of the company assumes the character of a loan, it must be secured by bond and mortgage; it is the only mode in which the company is authorized to made a loan. That mode being prescribed, all other modes are necessarily excluded. It must be so, or the direction in the statute becomes a nullity.

Although, in common parlance, the transaction here was not the discounting of a note, it is so within the meaning of the act. It has every feature of a banking transaction, except that the note is payable on demand. The name is different, but the substance the same.

*D. B. Ogden,* in reply. There can be no *debt* contracted with an insurance company but by loan. The company may take securities for debts contracted with them. The act therefore contemplates a loan, and they have the power to make loans by necessary inference. Forbidding insurance companies to loan money on their own stock, admits of their making loans on the stock of other companies. The company are authorized to purchase stock. A loan on the credit of stock is a *conditional purchase* of stock; and the taking of a note as collateral cannot affect the purchase. The right to loan on bond and mortgage is an additional power conferred, and not a restriction of powers before granted. It is not

a banking transaction; if it be, every man who lends money on a promissory note is a banker.

*By the Court*, SAVAGE, Ch. J. The manner in which this corporation are to manage their monied operations is clearly pointed out. They may loan money upon bond and mortgage, but on no other security. They shall not be concerned in the discounting notes, nor any other banking operations. They may purchase stock for the purpose of investment, but for no other purpose. It has often been decided that a corporation can do no act but such as is expressly authorized or necessarily implied in their act of incorporation. The plaintiffs might loan money upon bond and mortgage, but not on a note. They seem to be aware of this, and endeavor to make themselves secure by loaning the money upon an hypothecation of stock, and take a note as collateral security; but that is equally unauthorized. They may purchase stocks for the purpose of investment, and sell where losses make it necessary; but in no other way can they deal in stocks. But even if it were lawful to loan money upon the hypothecation of stocks, that would not authorize the taking a note by way of security for the loan. It is an evasion of the statute, which intended the company should not at all interfere with the banks in lending money upon personal security. It is a sufficient answer to this action that the plaintiffs, in taking the note in question, have done an act which they had no authority to do. They have no capacity to become the payees or endorsees of a promissory note. They cannot, therefore sustain an action in that character.

The defendant is entitled to judgment.